## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**ROBERT SOWLE,**
                **Petitioner,**

    v.                                                                                           Case No. 09-C-1150

**JOHN HUSZ,**[1]
**Warden of Milwaukee Secure Detention Facility,**

                **Respondent.**

## DECISION AND ORDER

        Pro se Petitioner Robert Sowle ("Sowle"), who is currently in state custody at the Milwaukee Secure Detention Facility in Milwaukee, Wisconsin, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Also pending are Sowle's motions for appointment of counsel, to waive copy requirements, for an extension of time to specify grounds, and to amend/add respondents due to a change of custody/place of confinement.

        Sowle states that he is challenging convictions in three Waukesha County Circuit Court criminal actions, 88CF563, 96CM2002, and 97CF677. However, the grounds for relief set forth in Sowle's petition relate to the sentence imposed in 97CF677 based on the Wisconsin Department of Corrections' ("DOC") March 20, 2006, revocation of his probation

---

[1] The Court has substituted John Husz ("Husz"), Warden of the Milwaukee Secure Detention Facility, as the Respondent. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[i]f the petitioner is presently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."
    Sowle filed a motion to add/amend respondents seeking to add J.B. Van Hollen ("Van Hollen"), Attorney General of Wisconsin; Rick Raemisch ("Raemisch"), Secretary of the Wisconsin Department of Corrections ("DOC"); Mary Ann Kampe ("Kampe"), a DOC Supervisor; and Carrie Peterson ("Peterson"), a DOC agent. However, because Sowle is not in the custody of any of the proposed respondents, Sowle's motion to add/amend respondents is denied.

and parole in 88CF563. Sowle claims that he is serving concurrent sentences, consecutively, in violation of his right not to be subjected to double jeopardy (ground one) and his right to due process (ground two). Sowle also states "ineffective/denial of counsel" (ground three). Through listed as a single ground, ground three is two separate grounds. One ground relates to the representation afforded by trial counsel in 97CF677; and, the other ground relates to the denial of appointed counsel by the state court of appeals. The latter ground is redesignated as ground five. Sowle also claims that the DOC lied to the state circuit court about Sowle's custody in violation of his right to due process and the protections against cruel and unusual punishment (ground four). Sowle states that the discharge certificate revoked Sowle for a sentence that did not exist at that time.

Sowle seeks leave to proceed *in forma pauperis*. To authorize a litigant to proceed *in forma pauperis*, the Court must make two determinations: 1) whether the litigant is unable to pay the costs of commencing the action; and, 2) whether the action is frivolous or malicious. 28 U.S.C. § 1915(a) & (e)(2). The Court is obligated to give the petitioner's pro se allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Sowle's affidavit of indigence indicates that he is not employed, but it also indicates that his monthly income is $8.00. He also owns a car that he values at $100 and another car which he uses for parts. Sowle's certified trust account statement discloses that he has $17.21 in his regular account, his average monthly deposits to that account are $22.83 the average monthly balance is $73.85. Sowle also indicates that he has no monthly expenses.

In his motion to amend/add respondents filed on January 5, 2010, Sowle states all the funds except $2.05 have been confiscated. Based on the foregoing, this Court concludes that Sowle qualifies under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus.

The Court turns to consideration of whether Sowle has demonstrated his habeas corpus action has merit. An action is frivolous, for the purposes of Section 1915(e)(2), if there is no arguable basis for relief in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The *in forma pauperis* statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327. Factual frivolousness includes "claims describing the fantastic or delusional scenarios," *id.* at 328, and circumstances "when the facts alleged arise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts also requires preliminary consideration of a petition by this Court. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant

to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Upon review of the petition, it is clear that Sowle is "in custody" pursuant to the state criminal conviction he now challenges. Furthermore, the grounds raised by Sowle's petition assert claims which challenge the legality of his custody on the ground that it was imposed in violation of the Constitution or laws or treaties of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.5 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003).

The papers Sowle filed with his petition indicate that, at least to some extent, Sowle presented the grounds that he now raises to the Wisconsin Court of Appeals. *See State v. Sowle*, No. 2007AP0060-CR (Wis. Ct. App. 2008). Sowle also sought review by the Wisconsin Supreme Court, which dismissed his petition as untimely. *See State v. Sowle*, No. 2007AP0060-CR (Wis. Sept. 22, 2008).

4

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Sowle is not entitled to relief on grounds one through five. Consequently, Husz will be called upon to serve and file an answer to grounds one through five of Sowle's petition for a writ of habeas corpus. The answer shall contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

Sowle has filed a motion requesting additional time to specify his grounds. Sowle does not indicate how much time he would like. In addition, his request is made in part to allow the Court to consider his motion for appointment of counsel. As will be explained, at this juncture, the motion for appointment of counsel is denied. Furthermore, in the event that Sowle has additional grounds that he believes raise a claim that he is being held in state custody in violation of the Constitution or laws or treaties of the United States, he may file a motion to amend his petition for a writ of habeas corpus pursuant to Federal Rule of Civil Procedure 15. *See Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). Therefore, Sowle's motion for additional time to specify his grounds for relief is denied.

Sowle requests appointment of counsel. He states that he cannot retain counsel due to his indigency, and that he is not educated in the practice of law. Sowle also states he is limited to the amount of hours available to him in the law library, and that the ends of justice would be best served by the appointment of counsel.

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987); *Pruitt v.*

*Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(b), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so require. See Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[2]

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step.[3] However, the court did not change the threshold inquiry; that is, a district court "must" ask

---

[2] The appointment of counsel provision of the federal *in forma pauperis statute* is now found at 28 U.S.C. § 1915(e)(1).

[3] The court explained:

The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally- exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Sowle's motion for appointment of counsel does not contain any indication that he made any attempt to obtain counsel or that he is effectively precluded from doing so. Since Sowle has not satisfied the threshold requirement for appointment of counsel, the motion is denied.

Sowle also filed a motion to waive copy requirements. He requests that, because of his indigency, he be required to file only one each of any papers. Because Sowle is pro se and because he has filed a petition for a writ of habeas corpus, he is exempt from the requirement that an original and a copy of all legal papers be filed. *See* General L.R. 5.1 (E.D. Wis.) Thus, Sowle's motion to waive copy requirements is moot and, therefore, denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Husz is **SUBSTITUTED** as the Respondent in this action.

Sowle's motion to add/amend respondents (Docket No. 9) is **DENIED**.

Sowle's petition for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

The Clerk of Court **MUST** serve a copy of Sowle's petition and supporting submissions and this Decision and Order upon Husz and the Attorney General of Wisconsin.

Husz **MUST** file an answer to the petition, by **February 9, 2010.**

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Sowle's motion for an extension of time to specify grounds (Docket No. 5) is **DENIED**.

Sowle's motion for appointment of counsel (Docket No. 3) is **DENIED**.

Sowle's motion to waive copy requirements (Docket No. 4) is **DENIED** as moot.

Sowle is notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to Husz or Husz's attorney. Sowle should also retain a personal copy of each document. If Sowle does not have access to a photocopy machine, Sowle may send out identical handwritten or typed copies of any documents. The Court may disregard any papers or documents which do not indicate that a copy has been sent to Husz or to Husz's attorney.

Dated at Milwaukee, Wisconsin this 8th day of January, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**