# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT SOWLE,**

        **Petitioner,**

v.                                                    Case No. 09-C-1150

**RICK RAEMISCH,**
**Secretary of the Wisconsin Department**
**of Corrections,**

        **Respondent.**

## DECISION AND ORDER

        Pro se Petitioner Robert Sowle ("Sowle"), a state prisoner who has a petition for a writ of habeas corpus pending before this Court, filed six motions that will be addressed herein.

        Sowle filed a motion for an order to seize property. However, on May 4, 2010, he filed a notice of recovered property indicating that the property that had been taken from him had been returned, and that with the Court's permission, he withdraws the motion. Sowle's request is granted.

        Sowle filed a motion for reconsideration of the Court's February 11, 2010, Decision and Order denying his motions for an injunction and a temporary restraining order and a stay of state proceedings. Sowle has established that he has given notice to the

Respondent. He also attempts to establish that he has made the threshold showing of imminent and irreparable harm required for injunctive relief. *See* Fed. R. Civ. P. 65(b)(1)(A); *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992) (standard for preliminary injunction); 11A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure: Civil* § 2944 (2d ed. 1995). In so contending, Sowle argues the merits of his petition. He also contends that his legal and medical files, as well as his personal property, were confiscated. Still, Sowle has failed to demonstrate a likelihood of success on the merits and a lack of a remedy at law. *See Woods v. Buss*, 496 F.3d 620, 623 (7th Cir. 2007). Based on the foregoing, Sowle's motion for reconsideration of the Court's February 11, 2010, Decision and Order denying his request for an injunction and a temporary restraining order, and a stay of state proceedings is denied.

Sowle filed a motion to amend or correct the Court's January 8, 2010, Decision and Order at page two, line nine, to state that "the DOC lied to the circuit court about [his] custody, his discharge certificate, and revoked him for a sentence that did not exist" in violation of his right to due process and his protections against cruel and unusual punishment, and to delete the sentence that "the discharge certificate revoked Sowle for a sentence that did not exist at that time." He also seeks to correct the statement on page four, at lines 21-22, indicating that his petition for review was dismissed as untimely. He states that a motion for reconsideration was granted and subsequently on December 15, 2008, his petition for review was denied by the Wisconsin Supreme Court. Sowle's motion to amend the Court's January 8, 2010, Decision and Order, as stated, is granted.

2

Sowle has filed a motion to change the Respondent to the person having effective custody of him, whom he asserts is Carrie Peterson ("Peterson"). Rule 2 of the Rules Governing Section 2254 Cases in the United States District Court addresses the proper respondent. The 1976 advisory committee comments to the Rule indicate that proper person to be served is either the warden of the institution where the petitioner is confined or the chief officer in charge of state penal institutions. The file in this action indicates that Peterson is an agent with the Wisconsin Division of Community Corrections. She is not a proper respondent in this action. However, Sowle's papers show that he has been transferred to the Salvation Army Adult Rehabilitation Center. Since Sowle is no longer in the custody of Husz, the Court has substituted Rick Raemisch, Secretary of the Wisconsin Department of Corrections, as the Respondent in this matter and has amended the caption accordingly.

Sowle filed a motion to revisit his motion for appointment of counsel, his motion for an injunction and temporary restraining order, and his motion to stay state court proceedings. Sowle states that he has attached 34-pages dealing with new violations of his rights to freedom of religion and allegations of being subjected involuntary servitude. Neither freedom of religion nor involuntary servitude are claims within the scope of this habeas corpus proceeding. Therefore, Sowle's motion to revisit is denied.

Sowle also filed a motion to amend or correct his motion for appointment of counsel, signed under penalty of perjury. He states that he is prohibited from seeking counsel due to the circumstances of his confinement and he has attempted and failed in his efforts to solicit either pro bono or other counsel to represent him. He also states that the confiscation

3

of his legal files places an extreme hardship on him to prosecute this action. He also states that he is not educated in the practice of law and is limited by the prison to access legal materials.

The Court considers the standards for appointment of counsel set forth in the below, noting that there is no right to counsel in a civil action.[1] Sowle's prior motion for appointment of counsel was denied because he failed to make the threshold showing that he had unsuccessfully attempted to obtain counsel. (*See* Court's January 8, 2010, Decision and Order 7.)

Sowle's position regarding his efforts to seek counsel is somewhat contradictory since he states that he cannot seek counsel and that he has tried and failed to obtain counsel. Nonetheless, he has at least arguably satisfied the threshold requirement for appointment of counsel. However, considering both the difficulties of Sowle's claims in this case together with Sowle's demonstrated strong litigation capabilities, this Court concludes that the demands of this case do not exceed Sowle's abilities to coherently present his claims to this Court.

---

[1] *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) explains:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Haas*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case-factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

(Footnote omitted).

In this regard, the Court also notes that Sowle's property that included legal and administrative documents was returned to him on April 20, 2010. In light of the foregoing, Sowle's motion to amend/correct his motion for appointment of counsel is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sowle's motion for order to seize property (Docket 29) is **WITHDRAWN**;

Sowle's motion for reconsideration (Docket No. 28) is **DENIED**;

Sowle's motion to amend/correct the Court's January 8, 2010, Decision and Order (Docket No. 25) is **GRANTED**;

Sowle's motion for change of Respondent to state officer having effective custody (Docket No. 31) is **DENIED**.

Raemisch is **SUBSTITUTED** as the Respondent in this action.

Sowle's motion to revisit his motion for appointment of counsel, his motion for an injunction and temporary restraining order, and his motion to stay state court proceedings (Docket No. 33) is **DENIED**; and,

Sowle's motion to amend or correct his motion for appointment of counsel (Docket No. 24) is **DENIED.**

Dated at Milwaukee, Wisconsin this 14th day of September, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**