# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT SOWLE,**
           **Petitioner,**

    v.                                                        Case No. 09-C-1150

**JOHN HUSZ,**[1]
**Warden of the Milwaukee Secure**
**Detention Facility;**
           **Respondent.**

## DECISION AND ORDER

Several matters require the Court's attention in this action commenced by pro se Petitioner Robert Sowle ("Sowle"), a state prisoner, who seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254.

### Request for Clarification Regarding Service

Counsel for Husz requests that the Court clarify its directive to Sowle regarding service of documents upon the Respondent, because Sowle has been serving papers upon the Warden of the MSDF rather than his attorney. Sowle states he is relying on the Court's January 8, 2010, Decision and Order. In addition, Sowle states that he is serving the Respondent by institutional mail, rather than mailing the documents to counsel, to economize because he has spent about $65.00 of the $100 available to inmates like him under a new

---

[1] Although by letter dated August 1, 2011, the Petitioner states that John Husz ("Husz") retired as Warden of the Milwaukee Secure Detention Facility ("MSDF") in June 2011, he remains listed as the Warden of that Facility on the Wisconsin Department of Corrections website. *See* http://www.wi-doc.com (last visited Sept. 9, 2011). However, according to a September 7, 2011, report in the *Milwaukee Journal Sentinel*, Floyd Mitchell ("Mitchell") has been named the Warden of the MSDF. After the Court has information that Mitchell is serving as the MSDF Warden and has custody of Sowle, Mitchell will be substituted as the Respondent in this action.

Wisconsin law limiting the amounts of legal loans to inmates and rescinding prior approvals of legal loans and legal loan extensions.

The Court's January 8, 2010, Decision and Order, stated "Sowle is notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the Court to Husz or Husz's attorney." However, on February 3, 2010, Assistant Attorney General Mark A. Neuser ("Neuser"), filed a notice of appearance indicating that he is representing Husz in this action. Therefore, Neuser requested that all papers, briefs and orders to be sent to his attention at Wisconsin Department of Justice Post Office Box 7857 Madison, Wisconsin 53707-7857, neuserma@doj.state.wi.us

Because the Respondent is represented by counsel, all papers must be served upon his attorney. *See* Fed. R. Civ. P. 5(b). Sowle must serve documents upon counsel for the Respondent. Furthermore, any papers filed by Sowle must be accompanied by a certificate of service upon counsel or the paper will not be considered by the Court.

**Motions for Extensions of Time and for Copies**

Sowle filed a motion requesting an extension of the July 25, 2011, deadline for filing his inmate trust account statement asserting that although he made timely requests for the statement, the Respondent or his agents were not responding to his request. Sowle's motion is accompanied by an affidavit and number of recent information/interview requests for his current inmate trust statement.

2
Case 2:09-cv-01150-RTR   Filed 09/09/11   Page 2 of 5   Document 51

On August 22, 2011, Sowle filed a certified copy of his current inmate trust account statement. The delay was apparently not within Sowle's control. The requested extension is granted and the Sowle's inmate trust account is accepted as timely.

The Court required Sowle to file his current trust account statement as a corollary to resolving his motion for copies of documents. (Court's June 23, 2011, Decision and Order 2.) The trust account statement establishes that Sowle has no funds in his trust account or in his release account. He also owes $425.81 for legal loans. Sowle also attached a memorandum dated July 6, 2011, from the Wisconsin Department of Corrections ("DOC") quoting a 2011 law regarding legal loans and stating that all previous 2011 approved legal loans and legal loan extensions were rescinded, and that legal loan extensions will only be granted in various types of case including challenges to conviction where the inmate is not represented by counsel. So, Sowle has established that he cannot pay for the requested documents.

However, the Court's order also stated that "[i]f Sowle requests all the documents in the file and believes he cannot pay for them, he must also inform the Court as to why he does not have the documents or access to them." (*Id*.) Sowle has not responded to the Court's request that he state why he does not have copies of the documents filed in this action. Sowle indicates that his DOC agent has not responded to his requests for access to materials in her possession which may have allowed Sowle to contact his landlord and retrieve copies of papers in his possession. (Mot. Extension of Time to File Reply ¶ 5.) However, Sowle has been confined at the MSDF since he filed this action and should have copies of

3

documents from the Respondent and the Court, as well as those that he filed. Absent an explanation of why Sowle does not have the documents filed in this action, his motion for copies of documents is denied without prejudice.

Sowle's motion also requests an extension of time to file his reply brief in support his petition for the writ of habeas corpus. He requests that the Court order the Respondent or DOC to provide him with documents. Alternatively, Sowle states he is "scheduled for release on parole" on January 12, 2012, and will be better able to prosecute this action, and requests that the action be held in abeyance until after that date or that the deadline for him to file his reply in support of his petition be extended to January 30, 2012. Having carefully considered the circumstances and Sowle's alternative requests for relief, the Court will extend the deadline for him to file his reply in support of his petition for a writ of habeas corpus until January 30, 2012.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sowle **MUST** serve documents upon counsel for the Respondent;

Any papers filed by Sowle **MUST** be accompanied by a certificate of service upon counsel for the Respondent or the paper will not be considered by the Court;

Sowle's motion for an extension of time to file his inmate trust account statement and his reply (Docket No. 49) is **GRANTED** to the extent that his inmate trust account statement filed on August 22, 2011, is timely; and Sowle's reply in support of his

petition for a writ of habeas Corpus **MUST BE FILED on or before January 30, 2012**; and,

Sowle's motion for copies of documents (Docket No. 38) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 9th day of September, 2011.

                                                **BY THE COURT**:

                                       */s/ Rudolph T. Randa*
                                       _____
                                       **HON. RUDOLPH T. RANDA**
                                       **U.S. District Judge**