# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**ROBERT SOWLE,**

        **Petitioner,**

**v.**                                            Case No. 09-C-1150

**GARY H. HAMBLIN,**
**Secretary of the Wisconsin**
**Department of Corrections,**

        **Respondent.**

---

## DECISION AND ORDER

---

Pro se Petitioner Robert Sowle ("Sowle"), a state prisoner currently in the custody of Respondent Gary Hamblin ("Hamblin"), the Secretary of the Wisconsin Department of Corrections ("DOC"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Upon review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, the Court determined that Sowle raised arguable grounds for relief. (ECF No. 12.) As ordered by the Court, the Respondent[2] filed an answer to the petition. (ECF No. 27.) Sowle filed a reply thereto. (ECF No. 66.) The petition is ready for resolution and is addressed herein.

---

[1] Hereinafter, all references to this statute will be referred to as "§ ___."

[2] The Respondent in this action has been substituted several times since Sowle filed this action. Therefore, the Court departs from its usual practice of referring to individuals by name.

**Facts**

The issues raised by Sowle require an understanding of the facts of the case, and the history and the timeline of Sowle's various periods of incarceration. The Court must presume that the facts as determined by the State court are correct. § 2254(e)(1). The Wisconsin Court of Appeals' August 13, 2008, unpublished decision in *State v. Sowle*, No. 2007AP60-CR, 314 Wis. 2d 258, 2008 WL 3390813 (Wis. Ct. App. 2008) (Table), is the primary source of this factual recitation. (App. to Answer, Ex. O.)

As relevant to this action, Sowle's journey through the Wisconsin prison system began in 1988 when he was charged with three state drug felonies[3] to which he pled no contest in 1989. On May 2, 1990, Sowle was sentenced to seven years for counts one and three (collectively "the 88 case") to be served concurrently, and eight years for count two ("88-2") to be served consecutively to the concurrent seven-year sentences in the 88 case. However, the 88-2 sentence was stayed, and Sowle was placed on ten years of probation to begin upon discharge of the 88 case on September 15, 1998.

While incarcerated for the 88 case, Sowle was paroled and revoked on two occasions: paroled on December 15, 1993, revoked on March 2, 1995; and paroled on April 25, 1995, revoked on November 5, 1996. (App. to Answer, Ex. H, 101.) (ECF No. 30.) While

---

[3] Counts one and three were charged pursuant to Wis. Stat. § 161.41(1)(c)1, Manufacture/Deliver Cocaine (<=10g), Count two was charged pursuant to Wis. Stat. § 161.41(1)(c)2, Manufacture/Deliver Cocaine (>10g-25g). All three counts also were also charged under Wis. Stat. § 16.1.48(1), which is based in a second or subsequent specified offense under Chapter 161 of the Wisconsin Statutes. Chapter 161, the Wisconsin Uniform Controlled Substances Act, was renumbered in part as Chapter 961, Uniform Controlled Substances Act, and repealed in part by 1995 Act 448, §§ 106 to 323, effective on July 9, 1996.

2

on parole the second time Sowle was charged with, and pled no contest to, misdemeanor disorderly conduct[4] ("the 96 case"). He was sentenced to two years in prison beginning on September 22, 1997, to be served concurrently to the 88 case sentences.[5] Sowle was charged on August 18, 1997, with a state drug felony[6] ("the 97 case") which had also occurred during his second parole on the 88 case. He pled no contest and was sentenced to seven years in prison, to be served consecutively to the '96 case. (*Id.*, Ex. A, 4.)

Sowle was discharged from the 88 case and began his probation for 88-2 on September 15, 1998. At that time, Sowle was in prison for the 96 case. (*Id.*, Ex. O, 2.)

Upon discharge of the 96 case, Sowle began serving his seven-year sentence for the 97 case. At that time Sowle remained on probation for the 88-2 case. Sowle's incarceration history for the 97 case is as follows: mandatory release[7] on August 19, 2003, revoked on April 9, 2004; mandatory release on October 12, 2004, revoked May 25, 2005; mandatory release on July 26, 2005, revoked on March 20, 2006. (*Id.*, Ex. H, 101.) As of March 20, 2006, one year, one month and 16 days remained to be served on the 97 case. (*Id.*, Ex. K, 12.)

---

[4] Pursuant to Wis. Stat. § 947.01.

[5] The 96 case judgment of conviction is not in the record.

[6] Pursuant to Wis. Stat. § 961.41(1)(CM), Manufacture/Distribute/Deliver Cocaine.

[7] Mandatory release dates reflect the earliest that a prisoner can be discharged from prison.

3

Also on March 20, 2006, Sowle's probation for 88-2 was revoked by the State for violation of certain parole/probation rules. (*Id.*) At the time of revocation, all eight years remained to be served on that case. (*Id.*, Ex. H.)

However, the DOC awarded credit of 182 days against the eight-year 88-2 sentence for jail time served in connection with that case. (*Id.*, Ex. H, 108.) Consequently, Sowle's initial date of incarceration on the 88-2 case was May 25, 2005. (*Id.*, Ex. H, 106.) As determined by the DOC, the mandatory release date for the 88-2 case was September 25, 2010, and the maximum discharge date is May 25, 2013.[8] (*Id.*, Ex. H, 106.)

Sowle served the one year, one month and 16 days remaining on the 97 case concurrently with the 88-2 case. When the 97 case was discharged on January 13, 2007 (*see id.*, Ex. H, 107.), Sowle still had a significant portion of time remaining on the 88-2 case. (*Id.*, Ex. O, 8.)

Sowle asserts that he should have been given credit against 88-2 for the time he spent in custody on the 97 case both before and after his probation was revoked on the 88-2 case, and he filed a motion in the Circuit Court for Waukesha County, Wisconsin to address the issue, seeking complete discharge of his sentence in 88-2. (*Id.*, Ex. E.) Apparently believing the overlapping incarcerations on his various offenses warranted sentence credit against the 88 case, Sowle sought to amend the judgment of conviction in the 97 case to "reflect the fact that [the 97 case ] was judged concurrent to [88-2] . . . which [97 case] was

---

[8]The maximum discharge date reflects the latest discharge date.

4

served concurrent to [88-2] and was discharged July 11, 2006." (*Id*., Ex. O, 3.) On November 6, 2006, the trial court denied the motion, holding that Sowle's "complete" sentence would discharge in October 2007. (*Id*., Ex. E, 2.)

Sowle appealed the ruling to the Wisconsin Court of Appeals. On February 14, 2008, the Wisconsin appellate court issued an order admitting "some confusion concerning the administrative facts as set out in the circuit court's November 6, 2006, decision and order." (*Id*., Ex. J, 2.) The trial court's order left the court of appeals uncertain as to whether Sowle's two revoked sentences were to be served consecutively or concurrently and whether the trial court's reference to Sowle's "complete sentence" referred to one or both cases. (*Id.,* Ex. O, 3.) The appellate court retained jurisdiction but remanded the matter to the trial court for further explication of its decision and order, "especially in light of the various DOC documents of record." (*Id*., Ex. J, 2.)

The trial court filed its response to the court of appeals' Order, withdrawing its statement that Sowle's "complete sentence will not be discharged until October 2007" as not relevant to the 88 case in light of its substantive rulings. (*Id*., Ex O, 4.) (*See also id.,* Ex. K,[9] 1.) The trial court clarified that it had derived the October 2007, date by adding one year, one month and 16 days—the time the ALJ imposed on the 97 case—to September 15, 2006, which the trial court said Sowle had represented to be the date that his 88-2 sentence would be

---

[9] The trial judge attached various documents to his February 21, 2008, Decision and Order. (*See* App. to Answer, Ex. K.) The documents include a February 20, 2006, Decision and Order of Administrative Law Judge Charles R. Guokas of the Wisconsin DOC Division of Hearing and Appeals.

5

discharged. (*Id.,* Ex. O, 4.) (The appellate court noted that Sowle's representation was inaccurate if he did not prevail in his quest for additional sentence credit.)

Next, the trial court addressed the appeals court's uncertainty about whether the sentences in the two cases were consecutive or concurrent. (*Id*.) The trial court's November 6, 2006, order stated that:

> . . . "Sowle was originally sentenced to *consecutive* sentences for felony convictions in 1989 and 1999," that "[t]he sentence for [the 97 case] was *consecutive* to the sentence of [the 88-2 case]," and that, although revocation in both cases was determined on the same day, the two revocation sentences were to run consecutively because "the original sentences were consecutive." On remand, the trial court confessed to being perplexed as to "how the DOC can permit sentences to be served concurrently if the courts rule that they are consecutive."

(*Id.*, Ex. O, 4-5.)

The parties addressed the trial court's response in supplemental briefs ordered by the Wisconsin Court of Appeals. (*Id.*, Ex. O, 2.) On August 13, 2008, the appeals court issued its decision regarding Sowle's appellate claim that he was due credit against his 88-2 sentence sufficient to discharge it entirely. (*Id.*, Ex. O, 1.) Applying Wisconsin law that absent a judicial declaration of a consecutive sentence a sentence is deemed concurrent, the court of appeals stated that it was not convinced that the courts, in fact, had ruled that the sentences were consecutive. The court stated that "[w]hile the sentences in both [the 88 case] and [the 97 case] have consecutive components relative to the separate charges or to another case, . . . the trial court's statement was incorrect." (*Id.*, Ex. O, 5.)

6

The court of appeals held that the judgment of conviction in the 97 case showed that Sowle was sentenced to seven years consecutive not to the 88 case, but to his two-year prison sentence in the 96 case. The court of appeals found no judicial declaration that the 97 sentence was ordered or intended to be consecutive to the 88-2 sentence. By March 20, 2006, when the 88-2 probation was revoked, the sentences on counts one and three of the 88 case already had been discharged. (*Id.*, Ex. O, 5-6.) Thus, the appeals court held that the 88-2 sentence "could not possibly be served consecutive to" the 88 case sentences on counts one and three. (*Id.*, Ex. O, 6.) The appeals court also found other indications that the two sentences were meant to be concurrent, *(id.)*, and affirmed the trial court's order to the extent that it denied Sowle's motion to discharge his 88-2 sentence, and reversed the order to the extent it required the sentences to be served consecutively. (*Id.*)

The court of appeals also addressed Sowle's claim for sentence credit by applying Wisconsin's sentence credit statute, Wis. Stat. § 973.155 (2005-06), and relied on Wisconsin case law interpreting that statute when it held that Sowle had gotten all the credit he deserved. (*Id.*, Ex. O, 7-9.) Sowle subsequently petitioned for and was denied review by the Supreme Court of Wisconsin. (App. at 1, Pet.) (ECF No. 1-2.) Sowle then filed his federal petition for habeas corpus relief.

**Habeas Corpus Review**

Section 2254 provides that a writ of habeas corpus may be allowed when the petitioner is currently in custody pursuant to the judgment of a State court and has exhausted

7

the remedies available in the courts of the State. § 2254(b)(1) (1996). Sowle has met his burden of establishing both these requirements. For this Court to grant relief, Sowle must show that the State adjudication either resulted in "a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d); *Williams v. Taylor,* 529 U.S. 362, 386 (2000); *Charlton v. Davis,* 439 F.3d 369, 374 (7th Cir. 2006). In order for a federal court to find a state court's application of federal law unreasonable, the court's application must have been more than incorrect; it must have been objectively unreasonable. *Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As such, the Court must examine each ground Sowle raises pursuant to these standards.

Sowle presents the following five grounds for relief: violation of his Fifth Amendment protection against double jeopardy; violation of his Fourteenth Amendment right to due process; ineffective assistance of counsel at the time of the 97 case plea and sentencing; violation of his Eighth Amendment protection against cruel and unusual punishment; and wrongful denial of appellate counsel by the Wisconsin Court of Appeals.[10] (Pet.) The Court addresses each ground in sequence.

---

[10] The ineffective assistance of counsel and denial of appellate counsel are both contained in "Ground Three" of Sowle's Petition. (Pet., 8.) (ECF No. 1.)

8

**Ground One: Double Jeopardy**

Sowle argues that his Fifth Amendment protection against double jeopardy has been violated because at the time of the revocation of his parole in the 88-2 case, he was sentenced to serve the remainder of the 88-2 sentence, minus credit provided by the DOC, to be served consecutively to the 97 case under which he was currently incarcerated, instead of serving the sentences concurrently. While not addressing the double jeopardy aspect of this argument, the Wisconsin Court of Appeals held that 88-2 was indeed served concurrently to the 97 case, but only for the time after Sowle's probation in 88-2 was revoked.

Sowle relies on Wisconsin state cases to illustrate his habeas corpus grounds. However, it is well settled that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990); *see also Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") Because the court of appeals adjudicated Sowle's case based on Wisconsin law, this Court does not have jurisdiction in this proceeding to grant relief under Wisconsin law.

To obtain relief, Sowle must show that the State court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." § 2254(d)(2). The Double Jeopardy Clause provides that no "person [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. XIV.

9

Sowle has presented no case law supporting his claimed violation of federal law related to the double jeopardy clause. Conversely, the Court's research discloses that the Supreme Court has held that double jeopardy protection does not apply to the revocation of parole and subsequent imposition of imprisonment. *United States v. DiFrancesco,* 449 U.S. 117, 137 (1980) ("[T]here is no double jeopardy protection against revocation of probation and the imposition of imprisonment."); *United States v. Wyatt*, 102 F.3d 241, 244-45 (7th Cir. 1996). Sowle's double jeopardy claim does not present a violation of clearly established federal law regarding the double jeopardy clause and is barred by § 2254(d)(1).

**Ground Two: Due Process**

Sowle claims denial of due process based on the facts stated in ground one. (Pet. 7). The Respondent alleges that Sowle is procedurally barred from asserting this ground because the record indicates that Sowle did not raise this issue during his State appeals process. (Answer ¶ 20.)

Sowle is proceeding pro se and therefore the Court may examine his claims with a less stringent standard than more formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). Petitioners seeking habeas corpus relief in federal court are required to "'fairly present' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry,* 513 U.S. 364, 365 (1995). A petitioner may do so by providing the state courts one full opportunity to decide constitutional issues by presenting their claims in one complete round

10

of the established State appellate review process. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845 (1999).

To determine if a petitioner has made a fair presentation to the state courts, it must be shown that the petitioner has put forward operative facts and controlling legal principles. *Sanders v. Cotton,* 398 F.3d 572, 580 (7th Cir. 2005). In deciding whether a petitioner has done so, several factors are to be considered, including:

> (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Id.*

Sowle first broached the subject of due process violations in his brief to the Wisconsin Court of Appeals. (App. to Answer, Ex. G, 7-8.) He contended that "based on [the] items listed in the appeal record which Sowle has not been allowed access to, even though Judge Davis did order this access, and these documents were used by Judge Davis in his deliberations (denial of due process) (ex parte communications)." (*Id.*, Ex. G, 7.)

In his reply brief Sowle also contended that the State's appellate response brief cited R-App 101 from the 97 case, item number 41, and claimed in footnote one on page two that Sowle had filed the document. (*Id.* Ex. I, 1.) However, Sowle maintained that the statement was false and R-App 101 was one of at least two documents that the trial court relied

11

upon without Sowle having seen them. Sowle noted that the Wisconsin Court of Appeals' June 19, 2007, Order[11] granted Sowle copies up to page 36 of the appeal record and "[a]pparently the last page was omitted from the court's order, and [item numbers] 40 and 41 were on that page, and denied to Sowle." (*Id*.) However, Sowle did not cite any federal or state case law in support of his contention.

In Sowle's application for review to the Wisconsin Supreme Court, he requested that the court determine whether his due process rights were violated at his 2006 sentencing hearing in the 97 case where he alleged the circuit court altered the structure of his 88-2 sentence. (*Id*., Ex. P, 3 ¶ 11.) The Supreme Court of Wisconsin has judicial discretion in determining whether or not to hear a case presented for review and, as such, Sowle had a right to raise his due process claim before that court. *See* Wis. Stat. § 809.62(1r) (2009-10).

Sowle's brief upon his appeal of the circuit court ruling can be construed as raising a due process violation based on the trial court's alleged reliance on documents Sowle had not seen. The alleged due process violation contained in his petition for review is non-specific. Sowle did not direct the Wisconsin courts to any federal or state cases engaging in constitutional analysis of the due process issue. Thus, he cannot be said to have fairly alerted the state courts to the federal nature of the claim. *See Sanders,* 398 F.3d at 581 (holding that petitioner's brief to the appellate court which applied the Supreme Court's due process analysis to his challenge would have "alerted the court to the alleged federal nature of the claim" and

---

[11]The court of appeals' June 19, 2007, Order is included as a part of Exhibit M to the Answer. (*See* App. to Answer, Ex M, 6-1 through 6-4.)

12

therefore fairly presented his federal constitution claim to the state court.) Therefore, Sowle has not established that he fairly presented his due process claim to the State courts.

Even if Sowle were deemed to have fairly presented the issue to the state court, he has not sufficiently pled the matter to this Court. Sowle presents no fact or case law that illustrates how his current incarceration is a violation of established federal law, as decided by the Supreme Court of the United States as required by § 2254(d)(1). While the Court must read a pro se petitioner's claims leniently, it is not the duty of this Court to present arguments on behalf of such a petitioner. Therefore, Sowle's claim for relief under § 2254 for a violation of his due process relief is denied.

### Ground Three: Ineffective Assistance of Counsel

The Court construed ground three of Sowle's petition as a contention that trial counsel for the 97 case was ineffective. The Respondent maintains that he is uncertain what Sowle is alleging, indicating that Sowle could be referring to ineffective assistance of post-conviction counsel in the 97 case. (Answer, ¶ 22 B.) The Respondent also states that to extent that Sowle is raising an ineffective assistance of trial counsel claim, the claim has been procedurally defaulted. (*Id*. at ¶ 22 D.) In reply, Sowle indicates that he is referring to trial counsel in the 97 case. (Reply to Answer, 6, ¶¶ 22 A-D.) (ECF No. 66.)

Sowle contends that his trial attorney in the 97 case told him that if probation for the 88-2 case was revoked, it would be served consecutively to the 97 case. (Pet. 8.) The Respondent maintains that Sowle is procedurally barred from bringing his ineffective

13

assistance of counsel claim for habeas corpus review because Sowle did not fairly present such claim to the State courts until he filed his petition for review by the Wisconsin Supreme Court.

A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim. *Lewis v. Sternes*, 390 F.3d 1019, 1026 (7th Cir. 2004). This requires the petitioner to raise each issue at each and every level of the state court system. *Id.* Procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, *Wainwright v. Sykes*, 433 U.S. 72, 86-87 (1977), or he can establish that the denial of relief will result in a miscarriage of justice, *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986); *Lewis,* 390 F.3d at 1026.

While Sowle included the ineffective assistance of trial counsel issue in his petition for review by the Wisconsin Supreme Court, he did not fairly present it to the Wisconsin Court of Appeals. His appellate brief focuses only on ineffective assistance of counsel from his post-conviction attorney relating to his initial no-merit appeals filed in state court. Moreover, Sowle's submissions do not establish a basis for relief from his procedurally defaulted ground. As such, habeas relief on ground three is foreclosed to Sowle. *See id.*

### Ground Four

Ground four raised by Sowle is that the DOC lied to the circuit court about his custody and his discharge certificate, and revoked him for a sentence that did not exist, in violation of his due process and his protections against cruel and unusual punishment. The

14

Respondent asserts that Sowle's fourth ground for relief turns on a matter of state law this Court may not disturb on habeas review and that Sowle has procedurally defaulted this ground and no state process is available by which he could now exhaust such claims. Additionally, the Respondent maintains that Sowle can show neither cause for his procedural default and resulting prejudice nor a miscarriage of justice if the Court does not address his claims. *See Badelle v. Correll*, 452 F.3d 648, 661 (7th Cir. 2006). In reply, Sowle states that "Respondent plays fast and loose with the actual facts: Sowle maintains that the State lied to the circuit court about the discharge certificate being FABRICATED and did so with an ex parte communication with resulting ramifications directly affecting the appellate Decision." (Reply to Answer, six, ¶¶ 23 A-C.)

The phrasing of Sowle's ground four has shifted since he filed his petition. Sowle even filed a motion which, among other matters, corrected the Court's phrasing of ground four so it would match word-for-word his petition. (ECF No. 25.) That motion was granted. (ECF No. 34.) Despite this shift, the latter version is accepted because it is more recent, and it also makes more sense since the DOC did not appear before the circuit court. This contention was raised before the state court of appeals at pages four and five of Sowle's supplemental brief. Sowle contended that apparently item number 41[12] in the appellate record (a November 27, 2006, memorandum to Sarah Ponath, a law clerk with the Waukesha County Circuit Court from Mary Ann Kempe, DOC Corrections Field Supervisor,) was faxed to the

---

[12] The memorandum is also marked as -101- and as a part of Sowle's appendix to his supplemental appellate brief as 4-5.

15

trial court and was "purported" to the court of appeals and the DOJ to be filed by the State. (App. to Answer, Ex. M, 5.) Sowle states that the memorandum "claims Sowle 'fabricated' the Discharge Certificate [15-1] sent to Judge Davis." (*Id.*, Ex. M, 5.) (footnote omitted.) He also contends that Judge Davis either ignored Sowle's exhibits or "was influenced by documents or persons made unavailable to Sowle's knowledge." (*Id.*, Ex. M, 4.) Sowle neither mentioned "due process," nor did he cite any federal or state case law analyzing due process claims. Sowle also did not mention "cruel and unusual punishment" or cite any federal or state case law analyzing such a claim.

In his petition for review, Sowle did not phrase the issue using the same words. However, questions nine and ten of his petition for review state: "whether documents submitted by the [DOC] should be relied on by the courts when those documents contradict themselves," and, "whether ex parte documents ruled unnecessary to this appeal may be cited and relied on by the appellate court." (*Id.*, Ex. P, 3.) Again, Sowle did not reference a due process or a cruel and unusual punishment violation with respect to such conduct. Nor did he cite any federal or state case law referencing similar due process or cruel and unusual punishment claims. Despite a liberal construction of Sowle's submissions, this Court concludes that Sowle did not fully and fairly present his claim to the Wisconsin courts. *Sanders,* 398 F.3d at 580.

16

In addition, Sowle's submissions do not establish a basis for relief from his procedurally defaulted ground. As such, habeas relief on ground four is foreclosed to Sowle. *See Lewis*, 390 F.3d at 1026.

**Ground Five**

Sowle also challenges the denial of appointed counsel by the Wisconsin Court of Appeals. The Respondent asserts that neither the Wisconsin Constitution nor the United States Constitution requires provision of counsel for proceedings beyond an appeal as of right from a conviction.

There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991)*; Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Kitchen v. United States*, 227 F.3d 1014, 1018 (7th Cir. 2000). Federal law classifies a state proceeding as direct or collateral for the purpose of § 2254. *See Huusko v. Jenkins*, 556 F.3d 633, 635 (7th Cir. 2009).[Why this sentence?]

Consequently, Sowle cannot establish that the Wisconsin Court of Appeals' denial of his request for appointment of counsel was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. Therefore, ground five does not provide a basis for habeas corpus relief.

**Rule 11 Certificate**

A petitioner may appeal a district court's denial of a writ of habeas corpus only when that petitioner has been issued a certificate of appealability ("COA"). 28 U.S.C.

17

§ 2253(c)(1). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that the Court "issue or deny a [COA] whenever it issues a final order adverse to" a petitioner.

To obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, as in the case at bar, the petitioner bears the burden of proving a COA is warranted. In *Slack v. McDaniel*, the United States Supreme Court defined the standard a petitioner must meet as follows:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). The Supreme Court further noted that where a plain procedural bar exists and the district court is right to invoke it to dispose of the case at hand, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Sowle procedurally defaulted his second, third and fourth grounds for relief and has not demonstrated that he is entitled to relief on the state court of appeals' rulings on his double jeopardy and denial of appointed counsel grounds (grounds one and five, respectively).

18

As this Court has dismissed grounds two, three, and four of Sowle's petition on procedural grounds and denied grounds one and five on their merits, Sowle has failed to show that: (1) jurists of reason would find it debatable whether the petition states a valid denial of constitutional rights; and (2) jurists of reason would find it debatable whether the Court was correct in its procedural rulings. Therefore, a COA is unwarranted and is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Sowle's petition for a writ of habeas corpus (ECF No. 1) is **DENIED**;

This action is **DISMISSED**;

The Clerk of Court is **DIRECTED** to enter judgment accordingly; and

A certificate of appealability is **DENIED**.

Dated at Milwaukee, Wisconsin this 27th day of February, 2013.

**BY THE COURT**

*/s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**